UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORDAN A. RIDDLE,

    Plaintiff,

v.                                     Case No.

ORANGE COUNTY SCHOOL BOARD,
A GOVERNMENTAL ENTITY,

    Defendant.
_____/

# COMPLAINT

COMES NOW the Plaintiff, JORDAN A. RIDDLE, by and through her undersigned attorneys, and sues the ORANGE COUNTY SCHOOL BOARD, and as grounds therefore would show:

1. This is an action for damages exceeding $75,000.00 exclusive of attorney's fees and costs.

2. JORDAN A. RIDDLE is a student in the Orange County Public School System.

3. The Defendant is in charge of the Orange County Public School System.

4. The Defendant is Title IX funded and jurisdiction is proper under 20 U.S.C. § 1681.

5. During January, 2017 the Plaintiff, then a minor, was a student at West Orange High School, in the tenth grade.

6. During this period of time the Plaintiff was bullied and pressured into performing a non-consensual sexual act on two male students in the boys' restroom at West Orange High School. During this act, the boys video recorded the act without the Plaintiff's knowledge on their cell phone, and distributed the video at the school.

7. On or about January 31, 2017, the video came to the attention of Adrianne Hill, the Dean of students for West Orange High School, who had actual knowledge of the sexual battery.

8. Adrianne Hill and Coach Ronald James distributed the video around the school, specifically to a member of the girls' basketball team in an attempt to identify the Plaintiff. This was done without the Plaintiff's consent.

9. Adrianne Hill and another administrator, Coach James, called the Plaintiff into the office and told the Plaintiff to write a statement. While the Plaintiff was writing the statement, Adrianne Hill was standing over the Plaintiff telling her what to write.

10. Neither Adrianne Hill nor Coach James had contacted the Plaintiff's parents before speaking with her, and failed to promptly notify the school resource officer or any law enforcement officer for this unlawful act recorded on videotape. It was over 24 hours before the school resource officers were notified after the Plaintiff was suspended.

11. After requiring the Plaintiff to write a statement, the boys who perpetuated the non-consensual sexual act on the Plaintiff were not asked to write a statement immediately, and were not suspended until approximately 24 hours after the Plaintiff.

12. Ms. Thate, an employee of the Defendant, and the school board attorney Sarah Koren attempted to have the video destroyed while the Plaintiff and attorneys were in the meeting at the school to determine if expulsion was necessary. The lead investigator from the Orange County Sheriff's Office was on school property that day and intercepted this act while it was in progress. This was being carried out by Ms. Thate in order to protect the perpetuators of the act, as well as avoiding an investigation of Title IX violations.

13. During a meeting with regard to disciplining the Plaintiff, the attorney for the Defendant, Sarah Koren, stated in the presence of the Plaintiff's attorney that she was not going to allow the Plaintiff to ruin the future of the boys who perpetuated the non-consensual sexual act.

14. Throughout the entire disciplinary process as described above, the school board employees were deliberately indifferent towards the Plaintiff's rights to an equal opportunity for an education in their attempt to protect the perpetuators of the non-consensual sexual act over the victim, the Plaintiff, JORDAN A. RIDDLE, as well as protecting themselves from a Title IX investigation.

15. The discrimination against the Plaintiff was so severe that the boys were suspended from school but allowed to participate in summer sports, specifically football practice, and allowed to return to Windermere High School in August. The Plaintiff, JORDAN A. RIDDLE, was not permitted to return to school until October, despite the pleading of the Plaintiff and her parents to allow her to return to school in August. Such conduct barred the Plaintiff the equal opportunity for her education and participation in team sports.

16. The Defendant violated the Plaintiff's rights under Title IX and their own policies by meting out more harsh punishment to the Plaintiff than the boys, despite the boys committing sexual battery on the Plaintiff, and by coercing the Plaintiff to issue a written statement while advising the boys to contact legal counsel and get their statements in order.

17. As a direct and proximate result of the Defendant's discrimination and unequal treatment of the Plaintiff, the Plaintiff was harmed by the Defendant's conduct. Such harm includes but is not limited to mental anguish, anxiety, depression and embarrassment.

WHEREFORE, the Plaintiff, JORDAN A. RIDDLE, sues the Defendant, ORANGE COUNTY SCHOOL BOARD, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

Date this 23rd day of April, 2019.

        **DELLECKER WILSON KING**
        **MCKENNA RUFFIER & SOS**
        **A Limited Liability Partnership**


        */s/ William E. Ruffier*
        _____
        William E. Ruffier, Esquire
        Florida Bar No. 0603872
        719 Vassar Street
        Orlando, FL 32804-4920
        (407) 244-3000
        Attorney for Plaintiff
        wruffier@dwklaw.com
        WEReservice@dwklaw.com *(eFiling only)*