UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORDAN A. RIDDLE,                                CASE NO.  6:19-cv-00771-PGB-LRH

     Plaintiff,

vs.

ORANGE COUNTY SCHOOL BOARD,
a Governmental Entity,

     Defendant.
_____/

## DEFENDANT ORANGE COUNTY SCHOOL BOARD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### AND
### MOTION FOR REASSIGNMENT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant, Orange County School Board files this Motion To Dismiss Plaintiff's Complaint filed April 23, 2019 [Doc. 1], as the Complaint fails to state a claim upon which relief may be granted, and, pursuant to Local Rule 1.04 (a) of the Local Rules of the Middle District of Florida, moves to reassign this action as Plaintiff has filed a substantially similar lawsuit to one previously dismissed, and shows the Court as follows:

    I.    **Introduction**

        A.    **Procedural history of Plaintiff's immediate past action based on the same events, J.A.R. v. Orange County School Board, Case Number 19-CV-00052-ACC-GJK**

This Complaint was filed April 23, 2019; however, this is not Plaintiff's first Complaint regarding these allegations.

Plaintiff originally filed suit against the Orange County School Board on December 17, 2018, in the Ninth Judicial Circuit, in and for Orange County, Florida, as Case Number 48-2018-CA-013669-A001-OX.  Defendant removed the action as it alleged a federal claim under Title IX against Defendant, thus creating Case Number 19-CV-00052-ACC-GJK in the Middle District of Florida, Orlando Division, before the Hon Anne C. Conway.  (*See* Notice of Removal filed January 28, 2019 [Doc. 1] in J.A.R. v. Orange County School Board.)  Defendant moved to dismiss on February 4, 2019 [Doc. 2].

Plaintiff was then subject to an Order to Show Cause regarding Plaintiff's capacity to sue, to which Plaintiff promptly responded. (*See* Docs. 3 and 4 in in J.A.R. v. Orange County School Board, Case Number 19-CV-00052-ACC-GJK.) Plaintiff's Response to the Order to show cause confirmed that Plaintiff had reached the age of majority but published Plaintiff's date of birth in violation of Fed. R. Civ. P. 5.2.  As a result, Plaintiff's Response was struck from the court record and the Order to Show Cause was discharged. (*See* Order filed February 6, 2019 [Doc. 6].)

The Court then ordered Plaintiff to identify J.A.R. in a document filed under seal. (*See* Order filed February 21, 2019 [Doc. 10].) Plaintiff filed a Motion for leave to file under seal on February 21, 2019 [Doc. 11].) Defense counsel was not served with a courtesy copy of the Motion and the filing has been sealed by the court. Therefore, the contents of this filing are unknown.  There were no further filings or orders regarding the Court's Order directing Plaintiff to identify J.A.R.

Plaintiff did not file any response to the Defendant's Motion to Dismiss. On February 25, 2019, the Court granted Defendant's Motion to Dismiss and the Clerk was directed to close the file [Doc. 12].  The Order granting the Motion to Dismiss was silent as to whether the dismissal

was with or without prejudice. Plaintiff did not move for clarification, to amend, or do anything in response to that Order. Plaintiff has not appealed that Order. Instead, 57 days later, Plaintiff filed a markedly similar Complaint which is the subject of this Motion to Dismiss.

Both Plaintiff's first Complaint and second Complaint arise from the exact same facts, involve the exact same parties, and assert claims under Title IX. Both the first and second Complaint are strikingly similar in language.  The only substantive difference is that Plaintiff has obtained a new case number and a different assigned judge and magistrate.

## II.      Legal Argument and Authority

### A.      Motion to Dismiss Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief," among other requirements.  Ashcroft v. Iqbal, 556 U.S. 662, 677-678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed "if the facts as plead do not state a claim for relief that is plausible on its face."  See Sinaltrainal v. Coca–Cola Co., 578 F. 3d 1252, 1260-61 (11th Cir. 2009).  In considering a motion to dismiss, a court accepts all well–plead allegations as true and construes the allegations in the light most favorable to the non–moving party.  See Id.  However, a court need not accept as true conclusory allegations or "unfounded deductions of fact."  See Id. Rather, a plaintiff's allegations of fact must be sufficient to raise a right to relief beyond a speculative level.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555,127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Thus, if the Complaint does not contain well plead allegations that "plausibly give rise to an entitlement of relief," as in the case at bar, the action must be dismissed.  See Iqbal, 556 U.S.

at 679. In the case at bar, Plaintiff's Complaint does not contain sufficient well plead allegations that could impose Title IX liability on Defendant. Therefore, Plaintiff's Complaint should be dismissed.

**B.** **Plaintiff has failed to state a claim for Title IX against Defendant.**

Plaintiff's allegations in both this action and her original action arise from her performance of "a non–consensual sexual act on two male students in the boys' restroom at West Orange High School," and Plaintiff's subsequent disagreement with the Defendant's investigation and the disciplinary process applied to all three students. (*See generally* Complaint [Doc. 1].) However, somewhat confusingly, Plaintiff's Title IX appears to be not that she was sexually battered and that the School Board is responsible, but that her sexual battery was investigated and the perpetrators disciplined and for that the School Board is responsible.

Title IX provides in pertinent part that "No person shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX sexual harassment claims typically consist of two different types of claims. A plaintiff may plead either a "teacher-on-student" claim in which a teacher, administrator, or other responsible adult affiliated with the educational institution sexually harassed a student; or a "student–on–student" (or "peer-on-peer") claim in which a student sexually harassed another student. In the case at bar, Plaintiff alleges that she "was bullied and pressured into performing a non–consensual sexual act on two male students …" (Complaint ¶ 6.) Therefore, the student-on-student analysis is appropriate.

To properly plead a Title IX student-on-student claim, a plaintiff must allege (1) "the defendant must be a Title IX funding recipient"; (2) "an 'appropriate person' must have actual

knowledge of the discrimination or harassment the plaintiff alleges occurred"; (3) the funding recipient must act "with deliberate indifference to known acts of harassment in its programs or activities"; and (4) "the discrimination must be 'so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit.'" Williams v. Board of Regents of University System of Georgia, 477 F. 3d 1282, 1293 (11th Cir. 2007) (internal citations omitted).  Plaintiff has failed to plead the necessary elements in her Complaint and therefore her Complaint must be dismissed.

To Plaintiff's credit, she has met the first element of a Title IX claim as she has inserted as ¶ 4of the current Complaint that the "Defendant is Title IX funded…" However, Plaintiff's claim fails as to the three remaining Title IX elements.

> ### i.        Plaintiff has failed to plead that an appropriate person had actual knowledge of the harassment suffered by Plaintiff.

Plaintiff alleges that she suffered discrimination as she received more severe punishment than the two boys involved in the nonconsensual sexual act, was "coerced" into issuing a written statement regarding the nonconsensual sexual act, and was not permitted to return to school until October, while the two boys were allowed to return to school in August. (*See* Complaint, ¶¶ 15 – 16.) However, Plaintiff has failed to plead that an "appropriate person" under Title IX had actual knowledge of any harassment suffered by Plaintiff.  "An 'appropriate person' under § 1682 is, at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290, 118 S. Ct. 1989, 1999, 141 L. Ed. 2d 277 (1998). This individual must be a school official "high enough up the chain-of-command that his acts constitute an official decision by the school district itself not to remedy the misconduct." Hill v. Cundiff, 797 F. 3d 948, 971 (11th Cir. 2015) (citing Floyd v.

Waiters, 171 F. 3d 1264, 1264 (11th Cir. 1999)) (teacher's aide who had no authority to discipline was not an "appropriate person").

Plaintiff's Complaint is completely devoid of any attempt to identify the "appropriate person" and requires that the reader jump to conclusions to create a viable Title IX claim. Plaintiff identifies a dean of students who had knowledge of the nonconsensual sexual act and the video, who participated in the investigation, and asked Plaintiff to write a statement. (See Complaint ¶¶ 8-9.) Plaintiff identifies "Coach James," who also told Plaintiff to write a statement. (Complaint ¶ 9.) Plaintiff identifies "Ms. Thate, an employee of the Defendant," in a completely unknown capacity, who attempted to have the video of the nonconsensual sexual act destroyed. (Complaint ¶ 12.) Plaintiff also identifies a school board attorney. (Id.) However, not one of those individuals is identified with enough facts[1] to allow the reader to even guess that they are an "appropriate person" under Title IX.

This is not sufficient and Plaintiff's Complaint should be dismissed.

### ii.       Plaintiff has failed to plead that Defendant acted with deliberate indifference

Plaintiff has failed to sufficiently plead the deliberate indifference requirement in her Complaint.   Plaintiff's failure to adequately allege the deliberate indifference pleading requirement renders her Complaint ripe for dismissal.

In order to properly plead a student-on-student Title IX claim, a plaintiff must plead deliberate indifference. See Davis v. Monroe County Board of Education, 526 U.S. 629, 642–

---

[1]       Plaintiff cannot argue that she requires additional discovery to avoid dismissal.  A motion to dismiss is evaluated with the presumption that the facts alleged in the pleading are true.   See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). "[D]iscovery follows 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" Carter v. DeKalb Cty., Ga., 521 F. App'x 725, 728 (11th Cir. 2013) (quoting Chudasama, 123 F. 3d at 1367) (emphasis in original).

649, 119 S. Ct. 1661, 1671 – 1674, 143 L. Ed 2d 839 (1999). Deliberate indifference in the Title IX context is shown "only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." Davis, 526 U.S. at 648.

There are absolutely no facts upon which to base an allegation of deliberate indifference. To the contrary, based on the facts alleged in Plaintiff's Complaint and for the purposes of this Motion, Defendant *did* thoroughly investigate the nonconsensual sexual act *and* discipline students.

According to the Complaint, when the dean of students of Plaintiff's high school learned about the video of the nonconsensual sexual act and the nonconsensual sexual act itself, she and a coach viewed the video in an attempt to identify Plaintiff, asked one student to view at least part of the video "in an attempt to identify the Plaintiff," and obtained Plaintiff's statement. (Complaint ¶¶ 8-9.) Somehow, the Orange County Sheriff's Office was notified and assigned the lead investigator who was timely on school property and aware of the video.[2] (Complaint ¶ 12.) Both Plaintiff and the boys involved in the sexual act were disciplined. (Complaint ¶ 15.) Both Plaintiff and the boys involved in the sexual act were suspended within approximately 24 hours of each other. (Complaint ¶ 11.)

Plaintiff's most recent Complaint establishes that a reasonable investigation was done. Plaintiff even bases her claim on the allegation that Defendant violated its own policies in performing the investigation. However, violation of an internal policy does not create a Title IX claim. (Complaint ¶ 16.) *See* Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 292, 118 S. Ct. 1989, 2000, 141 L. Ed. 2d 277 (1998). Plaintiff's lawsuit arises from her *disagreement* with *how* the investigation was conducted and the discipline imposed as a result of that investigation.

---

[2] School Resource officers were also notified but Plaintiff's Complaint is unclear when. (Complaint ¶ 10.)

This is not the basis for a Title IX claim. A plaintiff's disagreement with a response does not equate to unreasonableness and a plaintiff may not seek relief simply because of that disagreement.  *See* <u>New Jersey v. T.L.O.</u>, 469 U.S. 325, 342, note 9, 105 S. Ct. 733, 743, 83 L. Ed. 2d 720 (1985).

> ### iii.  Plaintiff has failed to plead sufficient facts that she was barred from accessing educational opportunities within the Orange County Public Schools

Finally, Plaintiff has failed to establish sexual harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive [her] of access to the educational opportunities or benefits provided by the school." <u>Davis</u>, 526 U.S at 650.  Plaintiff's Complaint alleges that she was not permitted to return to school until October while the boys participating in the sexual act were allowed to participate in summer sports and returned to school in August. Plaintiff should be required to plead basic additional facts to establish the "severe, pervasive, and objectively offensive" sexual harassment that effectively barred her access to the Orange County Public School system in support of her Title IX claim.

> ### C.  Plaintiff has engaged in impermissible refiling of the same case in the same court. Therefore, Plaintiff's case should be reassigned to the judge to whom the original case was assigned.

After Judge Conway's Order dismissing Plaintiff's first lawsuit, Plaintiff did nothing. Plaintiff did not move to reopen, attempt to amend, request reconsideration, or anything. Plaintiff did not appeal. Instead, Plaintiff waited 57 days and then filed virtually the same lawsuit. Plaintiff has filed the same case, against the same Defendant, based on the same events, in the same court, less than two months after her initial lawsuit was dismissed.

It would appear that Plaintiff is "judge shopping."  *See* <u>Dinardo v. Palm Beach Cty.</u> <u>Circuit Court Judge</u>, 199 F. App'x 731, 736 (11th Cir. 2006) ("duplicate filing of the same case

before a different judge of the same court violated "the universally condemned practice of 'judge shopping'"); <u>Disability Advocates & Counseling Grp., Inc. v. Betancourt</u>, 379 F. Supp. 2d 1343, 1344 (S.D. Fla. 2005) (dismissal with prejudice mandated where plaintiff filed nearly identical complaint alleging the same cause of action against identical Defendants, identical property, identical Plaintiffs, seeking the precisely same injunctive relief, in the same court, nine days after dismissal of first case). Judge shopping avoids the random judicial assignment process and "constitutes a threat to the orderly administration of justice." <u>In re BellSouth Corp.</u>, 334 F. 3d 941, 958 – 960 (11th Cir. 2003).

Plaintiff failed to identify the preceding case on her Civil Cover Sheet [Doc.1-1].[3] As of this date, Plaintiff has also conveniently failed to inform the Court of the existence of her original lawsuit, in violation of Local Rule 1.04(d). Therefore, the Court Clerk could not know that there was an immediately preceding, remarkably similar, lawsuit filed by Plaintiff. *See* <u>Disability Advocates & Counseling Grp.</u>, 379 F. Supp. 2d at 1347 (clerk could not know of refiling in light of plaintiff's failure to provide information on civil cover sheet or comply with local rule of Southern District).

Plaintiff's actions and these events lead one to the conclusion that Plaintiff is judge shopping in an effort to seek a more favorable result. Plaintiff should not be rewarded for these behaviors.

If Plaintiff's Complaint is not dismissed with prejudice, at a minimum, Plaintiff's "new" lawsuit should be transferred back to Judge Conway. Rule 1.04(a) of the Local Rules of the

---

[3] In fairness, the instructions on the Civil Cover Sheet refer to "related to pending cases, if any." *See* Civil Cover Sheet Instructions Form JS 44 Reverse (Rev. 02/19). Plaintiff's first case had been dismissed two months prior as was not the subject of any post-dismissal motions or an appeal, and therefore was no longer "pending." Nonetheless, Plaintiff's omission in context and combined with all the other factors places Plaintiff's second filing in a poor light.

Middle District of Florida provide "whenever a case, once docketed and assigned, is terminated by any means and is thereafter refiled without substantial change in issues or parties, it shall be assigned, or reassigned if need be, to the judge to whom the original case was assigned." Plaintiff's initial lawsuit was randomly assigned to Judge Conway when Defendant removed it from state court. Plaintiff's initial lawsuit was dismissed. Plaintiff has refiled her lawsuit against the same defendant, based on the same facts, alleging the same Title IX claim, in other words, without any substantial change in issues or parties. Therefore, Plaintiff's current lawsuit should be reassigned to Judge Conway.

III.   **Conclusion**

Based on the arguments and citations of authority set forth above, Defendant asserts that Plaintiff has failed to state a claim under Title IX in her Complaint. Plaintiff's Complaint does not provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). While Rule 8 of the Federal Rules of Civil Procedure requires only notice pleading, Plaintiff is obligated to plead at least the basic elements of a Title IX claim. Defendant should not be required to guess, speculate, or engage in conjecture to fill the holes in Plaintiff's Complaint. However, the current operative Complaint forces Defendant, and ultimately the Court, to do just that.

In addition, pursuant to the Local Rules of this Court, because Plaintiff's first and second cases are substantially similar, Plaintiff's case must be reassigned to the judge to whom Plaintiff's original case was assigned.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order granting its Motion to Dismiss and for such other and further relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 20, 2019, I electronically filed this Motion to Dismiss Plaintiff's Complaint with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to William E. Ruffier, Esquire, Dellecker Wilson King McKenna & Ruffier, LLP, 719 Vassar Street, Orlando, FL  32804, wereservice@dwklaw.com, wruffier@dwklaw.com.

*/s/ Gail C. Bradford*
WILLIAM E. LAWTON, ESQ.
Florida Bar No. 0163236
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
wlawton@drml-law.com
gbradford@drml-law.com
Attorneys for Defendant