UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORDAN A. RIDDLE,                                  CASE NO. 6:19-cv-00771-ACC-LRH

    Plaintiff,

vs.

ORANGE COUNTY SCHOOL BOARD,
a Governmental Entity,

    Defendant.
_____/

## DEFENDANT, ORANGE COUNTY SCHOOL BOARD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Orange County School Board, by and through its undersigned attorneys, hereby files this Answer and Affirmative Defenses, and in paragraphs corresponding to those of Plaintiff's Complaint filed April 23, 2019, answers and says:

1. Without knowledge; therefore, denied.

2. Admitted that at all material times, Jordan A. Riddle was an Orange County Public School student. All other allegations and inferences arising therefrom are denied.

3. Denied as phrased. *See* Fla. Stat. § 1001.42.

4. Admitted for jurisdictional purposes. All other allegations and inferences arising therefrom are denied.

5. Admitted.

6. Denied.

7. Admitted that Adrianne Hill was the Dean of Students at West Orange High School in January 2017. All other allegations and inferences arising therefrom are denied.

1

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

63. Defendant would assert that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and that Plaintiff has failed to set forth sufficient facts or allegations to bring a cause of action under Title IX of the U.S. Code and as such, this claim should be dismissed.

64. Defendant would assert that Plaintiff's Complaint fails to establish the "severe, pervasive, and objectively offensive" sexual harassment that effectively barred her access to the Orange County Public School system in support of her Title IX claim.

65. Defendant would assert that Plaintiff's Complaint is barred in whole or in part because Defendant has at all times hereto acted reasonably and in good faith toward Plaintiff.

66. Defendant would assert that Plaintiff has failed to mitigate her damages, if any, and as such, Defendant is entitled to a set-off equal to that amount.

67. Defendant would assert that there is no evidence that Defendant acted with

deliberate indifference in this matter and as such, Plaintiff's Title IX claim should be dismissed.

68. Defendant would assert that Defendant did not engage in any affirmative conduct to place Plaintiff in danger.

69. Defendant would assert that at all times, Defendant acted reasonably and with a good faith belief that its actions were lawful and not in violation of any federal or state right.

### DEMAND FOR JURY TRIAL

70. Defendant hereby demands a trial by jury as to all issues so triable.

### CLAIM FOR COSTS AND ATTORNEY'S FEES

Defendant has been required to retain the services of the undersigned to defend this action and would request it is entitled to all an award of taxable costs, including attorney's fees, pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Fed. R. Civ. P. 11, and the Court's inherent powers.

**I HEREBY CERTIFY** that on July 15, 2019, I electronically filed this document with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to William E. Ruffier, Esquire, Dellecker Wilson King McKenna & Ruffier, LLP, 719 Vassar Street, Orlando, FL 32804, wereservice@dwklaw.com, wruffier@dwklaw.com.

*/s/ Gail C. Bradford*
WILLIAM E. LAWTON, ESQ.
Florida Bar No. 0163236
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
wlawton@drml-law.com
gbradford@drml-law.com
Attorneys for Defendant